## EMILIE WIEGLEB

### *v.*

## F. W. JULIUS THOMSEN *et al.*

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

1. BANKRUPTCY—*sale of land by assignee—what title passes.* By a sale and conveyance of land by an assignee in bankruptcy, the purchaser succeeds to whatever interest the assignee had in the property sold, and nothing more.

2. SAME—*sale prior to bankruptcy—rights of purchaser as against conveyance by the assignee.*  A purchase of real estate from a person on the eve of his bankruptcy, if made in good faith and for a valuable consideration, will not be set aside at the suit of a purchaser at the assignee's sale of the same premises, in bankruptcy, merely upon proof that the prior sale was made by the bankrupt in contemplation of his bankruptcy, and in fraud of the Bankrupt law.

3. PRACTICE—*reversing on facts found in chancery suit.*  It is only when this court is able to see that the decree of the court below is clearly against the weight of the evidence, that it will reverse upon a mere contro- verted question of fact.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. EUGENE E. PRUSSING, for the plaintiff in error:

The transfers were made under circumstances which ren- der them void as to plaintiff in error, by virtue of sec. 5129 of the Bankrupt act.   Bump on Bankruptcy, 711.

When the condition of a debtor's affairs are known to be such that prudent business men would conclude that he could not meet his obligations as they matured, there is reasonable cause to believe him to be insolvent.    Knowledge is not necessary,—nor even belief,—but simply reasonable cause to believe.   *Merchants' National Bank* v. *Cook,* 95 U. S. 342; *Toof* v. *Martin,* 13 Wall. 40; *Buchanan* v. *Smith,* 16 id. 277; *Wager* v. *Hall,* id. 584; *Walbrun* v. *Babbitt,* id. 577.

Such is the doctrine as to the degree of care purchasers must exercise in their transactions.    *Tiffany* v. *Lucas,* 15 Wall. 410; *Scammon* v. *Cole,* 5 N. B. Reg. 263; *Toof* v. *Martin,* 13 Wall. 40; *Castle* v. *Bullard,* 23 How. 187; *Odell* v. *Flood,* 8 Benedict, 543.

Mr. E. A. SHERBURNE, for the defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 10th of August, 1878, Rudolph Schlœsser, subject to certain incumbrances, was the owner in fee of nine lots in

the city of Chicago, this State, worth some $30,000, being the same involved in this litigation. On that day he and his wife, by warranty deed, conveyed six of them to defendant in error G. F. T. Hoffman, and by a like deed on the same day conveyed the three remaining lots to defendant in error F. W. J. Thomsen. On the 29th of the same month Schlœsser filed in the District Court of the United States for the Northern District of Illinois, his petition in bankruptcy, in pursuance of which he was subsequently, on the 7th day of September, 1878, duly adjudged a bankrupt by said court, and one Robert E. Jenkins was thereupon appointed his assignee in bankruptcy. By virtue of an order of the District Court, the lots in question were, on the 10th of June, 1879, sold by the assignee at a regular bankrupt sale, and the same were struck off to plaintiff in error, Emilie Wiegleb, for the very inconsiderable sum of $200, and the premises were thereupon conveyed to her by the assignee, in pursuance of the sale. By this conveyance plaintiff in error acquired whatever title or interest Jenkins had in the premises as assignee of Schlœsser, and nothing more. On the 26th day of June, 1879, plaintiff in error filed the present bill in the circuit court of Cook county, against Hoffman and Thomsen, and their several tenants, by which it is sought to have set aside as fraudulent and void, and as a cloud upon the title of plaintiff in error, the above mentioned conveyances from Schlœsser to Hoffman and Thomsen.

The *gravamen* of the complaint of plaintiff in error, as appears upon the face of her bill, is, that these conveyances were made by Schlœsser in contemplation of bankruptcy, and for the manifest purpose of preventing his estate from being distributed among his creditors under the Bankrupt act, and that the grantees, Hoffman and Thomsen, knew, at the time of accepting these conveyances from him, that such was the object and purpose of Schlœsser in making them. These charges were distinctly denied by the answer of defendants in

error, and to the issues thus formed most of the testimony was directed. On a hearing upon the merits, the circuit court found the issues for the defendants in error, and thereupon entered a decree dismissing the bill of plaintiff in error, to reverse which decree the present writ of error is prosecuted.

It is quite clear that at the time of these conveyances to Hoffman and Thomsen, Schlœsser was insolvent, and on the very verge of bankruptcy, and we think the weight of evidence shows that they were made, so far as he is concerned, in contemplation of bankruptcy, and in fraud of the Bankrupt act; and while there are some established facts which tend strongly to show that Hoffman and Thomsen knew the suspicious circumstances under which the conveyances were made, and Schlœsser's object in making them, yet we do not think the evidence sufficiently strong in this direction to warrant us in disturbing the decree of the circuit court on that ground. In view of the fact that the evidence on that phase of the case was conflicting, and in the main consisted of oral testimony, the opportunities of that court were, as has often been said under like circumstances, far better than ours in arriving at a just conclusion on that question. It is only when this court is able to say, under such circumstances, that the judgment or decree of the court below is clearly against the weight of the evidence, that it is authorized to reverse upon a mere controverted question of fact.

Conceding, then, that Hoffman and Thomsen were purchasers in good faith for valuable considerations, which the circuit court must have found to warrant its decree, the bill of plaintiff in error can not, on any other theory, be maintained. It follows, therefore, the decree of that court dismissing the bill was proper, whatever may be the true solution of other questions discussed by counsel.

*Decree affirmed.*